UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:21 CR 459 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| DEWAYNE A. MCCULLOUGH, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Dewayne A. McCullough's Motion for an Enlargement of Time to File 28 U.S.C. §2255. (ECF #297). Under 28 U.S.C. §2255(f), federal prisoners generally have a one year period of time, after their conviction becomes final, to file a petition for relief under 28 U.S.C. §2255. *See, Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). The Sixth Circuit has held that a pre-emptive request to extend the filing time cannot be entertained. *United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016); . The *Asakevich* Court reasoned that "once 'the criminal proceeding has ended' – once the district court has entered a final sentence and conviction and once all appellate avenues have been explored or lapsed" a federal court has no statutory or constitutional authority to rule on a request to extend deadlines for collateral review. *Id.* at 42-421. This is because "in the aftermath of a final judgment of conviction and sentence and in the absence of a pending §2255 motion, there [is] not an action in the district court to which the motion could apply." *Id.* Thus, there is no case or controversy before the Court, and the request for extension is no more than an request for

advisory opinion. Id. at 420-21 (citing *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007) and *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). Further, there are no statutes that empower the court to consider motions to extend time for filing a motion under §2255. *Id.*

There are ways in which a prisoner may obtain equitable tolling of the one year statute of limitations, but a determination as to whether such tolling is appropriate can only be made after a motion under §2255 has already been filed. *Asakevich* at 421 (citing *Solomon v. United States*, 467 F.3d 928 (6th cir. 2006) and *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013)). Further, equitable tolling applies only when the movant can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Whitfield v. United States*, 2022 U.S. App. LEXIS 11428, *7 (6th Cir., April 27, 2022). Even if the Court could consider Mr. McCullogh's motion, he does not demonstrate that he has been diligently pursuing his right to file, nor does he describe any extraordinary circumstances that prevented him from filing in a timely manner. For these reasons, the Motion for an Enlargement of Time to File must be DENIED. (ECF #297). IT IS SO ORDERED..

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 17, 2023

2